UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY OLIVER,

    Plaintiff,

v.

LARRY A. PELUSO, et al.,

    Defendants.

Case No. 20-cv-01734-DMR (PR)

**ORDER OF TRANSFER**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed an application to proceed *in forma pauperis*. Dkt. 9. Petitioner has also consented to magistrate judge jurisdiction in this action. Dkt. 7.

Plaintiff claims that the instant action "arises under various state law claims for violations of defamation of character, intentional tort, and California Business and Profession[s] Code [§] 17200 et seq., and other state law claims." Dkt. 1 at 1. He further claims that "[j]urisdiction is conferred pursuant to 28 U.S.C. [§] 1332 because the amount in controversy exceeds $75,000." *Id.* He also alleges that "[v]enue is proper under 28 U.S.C. [§] 1391 because at least one of the defendant[s'] principal place of business is in this judicial district." *Id.* at 2. He adds that "[v]enue is also proper because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district." *Id.*

For the reasons explained below, the court orders that this action shall be transferred to the United States District Court for the Southern District of Georgia.

## II. BACKGROUND

As mentioned above, Plaintiff is currently incarcerated in a prison in Georgia. Dkt. 1 at 1.

1   He claims to be a citizen of Georgia, who was residing in Chatham County, Georgia prior to his

2   incarceration. *Id.* at 2. Plaintiff lists two named defendants in this action—Larry A. Peluso and

3   Joseph R. Bolton—as well as "Does 1-10." *Id.* at 1. Plaintiff claims that Defendant Peluso is a

4   "licensed California attorney" and a resident of the State of Nevada.[1] *Id.* at 2. Plaintiff claims that

5   Defendant Bolton is a resident of the State of Michigan. *Id.*

6       On or around July 10, 2018, Plaintiff contacted Defendant Peluso "concerning a proposed

7   class action lawsuit that [Defendant] Peluso filed in the [this district] [en]titled *Villasenor v. Lyft,*

8   *Inc.*, [for] which [Defendant] Peluso indicated he would represent thousands of Lyft drivers

9   pursuant to Fed. R. Civ. P. Rule 23." *Id.* at 3. Defendant Peluso "asked Plaintiff, who was

10  attending law school in Georgia, . . . to serve as his assistant since Plaintiff was knowledgeable of

11  the law, and Plaintiff served as a senior Lyft driver." *Id.* Plaintiff then "flew to San Francisco to

12  meet [Defendant Peluso], and together they "recruited over 400 Lyft driver[s] from the San

13  Francisco Platform." *Id.* Plaintiff spoke with Defendant Bolton "about serving as a class plaintiff

14  in *Villasenor*." *Id.* Plaintiff "later informed [Defendant] Peluso that Villasenor could not proceed

15  due to an arbitration claims in the employment agreement between Lyft Drivers and Lyft." *Id.*

16  Therefore, Plaintiff alleges that "[Defendant] Peluso had no choice by to dismiss the action

17  leaving [Lyft] driver[s'] only recourse to file for individual arbitration." *Id.*

18      Thereafter, Plaintiff claims he returned to Georgia to finish law school, but he continued to

19  "stay[] in contact with [Defendants] Peluso and Bolton." *Id.* Plaintiff notes that Defendant Bolton

20  "continued to drive for Lyft as a driver in Michigan." *Id.*

21      Around October 12, 2018, Defendant Bolton "asked Plaintiff to assist [Defendant] Bolton

22  with filing an arbitration brief to recover damages from Lyft." *Id.* at 4. Plaintiff agreed and

23  prepared the arbitration brief. *Id.* In return, Defendant Bolton "sent Plaintiff a money order in the

24  amount of $225.00 payable to Plaintiff along with his bank records." *Id.*

25      Over the next several months, Plaintiff "completed the arbitration brief and instructed

---

[1] According to the State Bar of California website, the attorney licensee profile of "Larry A. Peluso," State Bar # 281380, indicates that his current address is in Nevada: P.O. Box 7620, Incline Village, NV 89450-7620.

2

1   [Defendant] Bolton to file it with the American Arbitration Association ("AAA"), all of which
2   [Defendant] Bolton did." *Id.*
3           On February 2, 2019, Plaintiff filed his formal notice to run for mayor of Savannah,
4   Georgia. *Id.* Plaintiff claims that Defendant Bolton "was already aware [that] Plaintiff was
5   running for mayor." *Id.*
6           On March 17, 2019, Defendant Bolton "called several police and sheriffs' departments
7   stating that Plaintiff stole money from [Defendant] Bolton to pay for Plaintiff's campaign." *Id.*
8           Also on March 17, 2019, Defendant Bolton "emailed Defendant Peluso at his office in San
9   Francisco making a barrage of false statements that [Defendant] Bolton knew was false." *Id.* at 5.
10  Specifically, Defendant Bolton "informed [Defendant] Peluso [that] Plaintiff has been collecting
11  campaign money from [Defendant] Bolton using 'stolen information' that Plaintiff took or
12  removed from [Defendant] Peluso's law firm in San Francisco." *Id.*
13          On March 18, 2019, Defendants "contacted the State Bar of Georgia and spoke to General
14  Counsel Paula Frederick ("Frederick") . . . [and told her] that Plaintiff was telling Lyft drivers that
15  Plaintiff 'is the Director of the Georgia State Bar.'" *Id.* at 6. Plaintiff claims that Defendants
16  "knew and had reason to know these statements were false, but [they] made them anyway." *Id.*
17  Frederick informed Defendants that the State Bar of Georgia "ha[d] no jurisdiction over law
18  school students." *Id.*
19          Furthermore, "without any evidence in hand, [Defendant] Bolton contacted [the] City of
20  Savannah city hall employees to reiterate his false story [of] Plaintiff taking money from people."
21  *Id.* Defendant Bolton was "informed to call Investigator Jonathan Puhala ("Inv. Puhala") at the
22  Chatham County District Attorney's Office as Plaintiff was being investigated for [unrelated]
23  allegations of violating a restraining order." *Id.* Defendant Bolton called Inv. Puhala and
24  "informed him of the false allegations . . . [and] sent Inv. Puhala a cell phone picture of [the]
25  money order." *Id.* Defendant Bolton was asked to file a police report, but he refused. *Id.*
26          On April 4, 2019, a warrant was issued for Plaintiff for an unrelated charge of aggravated
27  stalking, and he turned himself in. *Id.*
28          On May 7, 2019, Plaintiff retained private counsel for the aggravated stalking charge. *Id.*

During the bond hearing for the aggravated stalking charge, Inv. Puhala informed the judge that Plaintiff was under investigation for "theft by deception and misuse of campaign contributions and that a victim ([Defendant] Bolton) provided evidence as such." *Id.* Plaintiff was then denied bond. *Id.*

On May 14, 2019, "detectives and investigators" presumably from Savannah-Chatham County law enforcement, issued a search warrant on Plaintiff's home and seized his property, including "flash drives, computers, police-issued body cam, a GoPro camera and several files," which were later destroyed by the Chatham County District Attorney's Office because Plaintiff was held without bond and unable to pick-up his property. *Id.* at 7-8. Plaintiff's aforementioned property was "forensically examined" and a report was generated, which "turned up no traces of Plaintiff embezzling campaign funds." *Id.* at 7.

Plaintiff claims it was "determined by investigators that the money order mailed to Plaintiff was actually intended to be mailed to Mr. Anthony Weed (correct last name), who is a director at the American Arbitration Association." *Id.*

Plaintiff claims that "[a]s a direct result of the actions of each defendant, Plaintiff's reputation has been tarnished in the community." *Id.* at 8. Further, Plaintiff "lost all of his personal property taken in [the] search warrant, his 2019 Jeep Cherokee [was] repossessed, and all of [his] personable belongings in his home [was] destroyed." *Id.* Plaintiff also claims that he "lost over $250,000 in filed that contained consumer and court ordered judgements from the Superior Court of California." *Id.*

Inv. Puhala later informed Plaintiff that "no charges could or would be filed" against him. *Id.*

Plaintiff claims that "[w]hen investigators determined that [Defendants] Peluso and Bolton lied, [Defendant] Peluso quickly left town to [move to] Nevada [and] [Defendant] Bolton disconnected his phone number." *Id.*

Plaintiff has filed the instant action, alleging the following causes of action: (1) defamation of character; (2) Intentional Infliction of Emotional Distress; and (3) a violation of California Business and Professions Code § 17200 et seq. *Id.* at 9-10.

4

### III. DISCUSSION

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Where an alternative forum with greater relation to the defendant or the action exists than the forum in which the action was filed, 28 U.S.C. § 1404(a) allows transfer of a case from one federal district court to another "[f]or the convenience of parties and witnesses, in the interest of justice." Section 1404(a) serves as a statutory substitute for *forum non conveniens* in federal court when the alternative forum is within the territory of the United States. *See Monegro v. Rosa*, 211 F.3d 509, 512-13 (9th Cir. 2000).

Here, a majority of the acts complained of occurred and the resulting injury took place in Chatham County, which is located in the Southern District of Georgia. Thus, because the alternative forum of the Southern District of Georgia has a greater relation to the action, then the court may transfer the instant action from this district court to the Southern District of Georgia "[f]or the convenience of parties and witnesses, in the interest of justice." *See* 28 U.S.C. § 1404(a).

It also appears that the court lacks personal jurisdiction over Defendants. Federal courts do not have nationwide jurisdiction. Rather, their personal jurisdiction only extends as far as that of the local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987); Fed. R. Civ. P. 4(k)(1)(A). In California, the personal jurisdiction of the state courts extends as far as is permitted under the United States Constitution. Cal. Civ. Proc. Code § 410.10; *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). Generally, the Due Process Clause requires that a defendant be domiciled in a state or have minimum contacts with

5

the state related to cause of action brought by the plaintiff before a court of that state can exercise personal jurisdiction over the defendant. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (minimum contacts); *Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940) (domicile). Here, Defendant Peluso may be a licensed attorney in California, but he now resides in Nevada, and Defendant Bolton resides in the Michigan. And, as mentioned, the alleged conduct giving rise to Plaintiff's claims against these Defendants occurred mostly within the State of Georgia. Therefore, Plaintiff has not alleged sufficient facts establishing that this court has personal jurisdiction over Defendants.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1404(a), this action is TRANSFERRED to the United States District Court for the Southern District of Georgia.[2]

## IV. CONCLUSION

For the reasons outlined above, the court orders as follows:

1. This action is TRANSFERRED to the United States District Court for the Southern District of Georgia. The Clerk shall transfer the case forthwith.

2. All pending motions are TERMINATED on this court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: October 19, 2020

_____
DONNA M. RYU
United States Magistrate Judge

---

[2] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).